IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff*,<br><br>  v.<br><br>PATRICIA McCOARD,<br><br>   *Defendants*. | No. 6:11-mj-0037 MJS |

AND                  AND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff*,<br><br>  v.<br><br>LEE  LICHLYTER,<br><br>   *Defendant*. | No. 6:11-mj-0038 MJS<br><br><br><br>ORDER ON DEFENDANTS' MOTIONS *IN LIMINE* |

  On March 7, 2012, the Court heard argument on Defendant Patricia McCoard's and Defendant Lee Lichlyter's motions *in limine*, which in all but one respect discussed below, mirrored each other.  Upon consideration of the written material and oral arguments of the parties, AND GOOD CAUSE APPEARING, the Court hereby issues its order on the motions.  (The paragraph numbers below correspond to the numbered paragraphs in Defendant McCoard's motion.)

  1.  This motion was unopposed and is granted:  With respect to the alleged violation of California Penal Code §597.7,  the government must prove beyond a reasonable doubt that Defendant acted with criminal negligence.

1      2.  This motion, not raising an issue requiring pretrial resolution, was deferred.  As part of its case in chief, the government shall put on such evidence it has regarding the extent, if any, that either Defendant had ownership, possession, control, custody, or other legal duty to act to prevent proscribed harm to the puppies whose care, or alleged lack thereof, gives rise to this case. The Court reserves judgment as to whether California Penal Code § 597.7 requires for its violation that a Defendant have ownership, possession, control, custody, or other legal duty to act to prevent harm.  The government is invited to submit points and authorities in opposition to those Defendant McCoard submitted in support of this motion in limine.

    3.  This motion was unopposed and is granted.  The Court shall take judicial notice of the Legislative findings made pursuant to the enactment of California Penal Code § 597.7.

    4.   This motion was unopposed and it is granted.  The court shall take judicial notice that during the time period on April 26, 2011 relevant to this case the temperature in Yosemite Valley did not exceed 64 degrees.

    5., 6., and 7.   Having found that the Government failed to comply timely with the full disclosure requirements of Federal Rule of Criminal Procedure, the Court, with Defendants' concurrence, gave the Government the option to proceed to trial on March 7, 2011, without expert testimony or to continue the trial to give Defendants the opportunity to meet the belatedly disclosed evidence.  The Government requested continuance.  The trial was continued to a date agreed to by all parties, rendering moot the issues raised in motions 5, 6 and 7.

    8. This motion was unopposed and it is granted.  The Government shall produce witness statements pursuant to 18 U.S.C. § 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure as soon as practicable but in no event later than the start of trial.

    9. This motion was unopposed and it is granted.  The Government shall disclose its proposed demonstrative evidence to Defendants as soon as practicable but in no event later than the start of trial.

    10. This motion was unopposed and it is granted.   Undisclosed statements attributed to Defendant but not provided in discovery shall be excluded from evidence.

    Defendant Lichlyter, in addition to joining in the above motions, also moved for an order excluding evidence of his criminal history.  The motion was unopposed and it is granted.

1  At the hearing on March 7, 2012, the Government moved to dismiss Count 1 of the Criminal
2  Complaint, a Class A misdemeanor.  The unopposed motion was granted. Count 1 was dismissed.
3  This Order shall be filed in both cases 6:11-mj-0037 and 6:11mj-0038.

7  IT IS SO ORDERED.

8  Dated:   March 16, 2012           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE